947 F.2d 944
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James L. CANNON, Plaintiff-Appellant,
v.
BRISTOL, TENNESSEE BOARD OF EDUCATION, et al., Defendants-Appellees.
 No. 91-5247.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1991.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and ROSEN, District Judge*.
 PER CURIAM.
 
 
 1
 In this action brought under 42 U.S.C. § 1983, plaintiff-appellant James L. Cannon appeals from the summary judgment granted by the district court on January 30, 1991. The defendants are the Board of Education of Bristol, Tennessee ("Board"); its members, Vincent Tiller, Jr.; Herbert L. Trinkle; W. Curtis Burnett; Phyllis O'Dell; Linda Blevins; and Jerry D. Green; and William J. Morrell, Superintendent of Schools.[1] This action arose from plaintiff Cannon's permanent dismissal as a teacher with the Bristol, Tennessee, school system. For the reasons that follow, we affirm.
 
 
 2
 There are two principal issues which plaintiff has asserted on appeal and which are rephrased here for purposes of clarity. The last issue was not stated as an issue in plaintiff's brief; however, because plaintiff does address it within the body of his brief, it is stated as a separate issue. The issues are (1) whether plaintiff's letter entitled "More Scandalous Conduct at Tennessee High School" concerned public matters, and, if so, whether plaintiff's interest in exercising his right of free speech under the First Amendment through the letter outweighed defendants' interest in the effective and efficient fulfillment of their responsibilities to the public; and (2) whether the hearing before the Board in which the Board dismissed plaintiff failed to provide plaintiff adequate due process as required by the Fourteenth Amendment.
 
 I.
 
 3
 Plaintiff James L. Cannon was employed as a Spanish teacher at Tennessee High School in Bristol, Tennessee, from August 1964 until August 1988. Sometime between June 1988 and August 17, 1988, Cannon mailed a letter entitled "More Scandalous Conduct at Tennessee High School" to approximately thirty-five parents of incoming freshmen. On August 17, 1988, the superintendent of schools, Dr. William J. Morrell, suspended Cannon without pay after learning of the letter and discussing its authorship with him. Formal charges were filed against Cannon, and on November 28, 1988, in accordance with the Tennessee Teacher Tenure Act, Tennessee Code Annotated ("T.C.A.") § 49-5-501 et seq., the Board held a hearing on the matter after which it voted to permanently dismiss plaintiff Cannon from employment.
 
 
 4
 During Cannon's tenure at Tennessee High School, he employed a unique teaching methodology called Alpha Learning which he believes to be superior to more traditional forms of teaching. Indeed, it is undisputed that a number of Cannon's Spanish students have done well in state and national Spanish contests. However, it is also undisputed that from the time Cannon was initially hired to teach, he has been disenchanted with school officials and other teachers because of perceived mistreatment of him and his students. Since 1980, Cannon has written at least seven letters or commentaries detailing his perceived mistreatment at the hands of school officials and other teachers, describing his unique teaching methodology, and extolling his abilities as a Spanish teacher. At times, he has sent these letters and commentaries to various school officials, to other teachers, to students' parents, or to the press.
 
 
 5
 There is no dispute that the final 1988 letter entitled "More Scandalous Conduct at Tennessee High School" led to his dismissal. In this letter, he accuses the administration and colleagues of "putting him down" and "going to amazing lengths" to do so. Specific accusations include: refusing to recognize his achievements and those of his students; scheduling his classes so that the bright students could not enroll leaving him with "goof-offs," "very immature pupils," and "a few mental defectives;" "lying" to students about the value of Latin in higher education in order to thwart his attempts to bring students into his classes; refusing to allow him to "counsel out" of his class the poor students; scheming to take credit for his students' success in Spanish competitions; and lying about students' results in language contests.
 
 
 6
 On November 22, 1989, plaintiff filed this action against defendants under 42 U.S.C. § 1983, and all parties consented to have the matter heard before the magistrate judge pursuant to 28 U.S.C. § 636(c). On November 16, 1990, the defendants moved for summary judgment. The magistrate judge granted the motion on January 30, 1991, on the basis of three findings. First, there was no actionable violation of plaintiff's First Amendment rights when he was dismissed because of his letter. Second, plaintiff received adequate due process at the Board hearing, and, third, the individual defendants were entitled to dismissal on the basis of qualified good faith immunity.
 
 II.
 
 7
 Plaintiff has failed to challenge on appeal the magistrate judge's finding that the individual defendants are entitled to qualified good faith immunity. Therefore, this issue will not be addressed, and the appeal shall be dismissed as to the individual defendants. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986) (issues raised in the district court, yet not pursued on appeal, are considered abandoned.).
 
 
 8
 Summary judgment is properly granted where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. This court reviews de novo the district court's grant of summary judgment, viewing all facts or inferences in the light most favorable to the non-moving party. Pinney Dock & Transp. Co. v. Penn Cent. Corp., 838 F.2d 1445, 1472 (6th Cir.), cert. denied, 488 U.S. 880 (1988).
 
 
 9
 The magistrate judge's memorandum opinion dated January 30, 1991, served as the basis for his granting summary judgment as to all defendants. The magistrate judge found that there was no genuine issue of material fact, and we agree. The parties simply do not dispute the facts of this case. Under Connick v. Myers, 461 U.S. 1684 (1983), and Pickering v. Board of Educ. of Township High School Dist. 205, 391 U.S. 563 (1968), the plaintiff's letter, which resulted in his permanent dismissal as a teacher, contained little, if any, content concerning public matters which would afford him protection under the First Amendment to the United States Constitution. Relying on the same Supreme Court cases, the magistrate judge went on to hold that where there was any content regarding public matters, the defendants' interest in the effective and efficient fulfillment of their responsibilities far outweighed plaintiff's interest in exercising his right of free speech through the letter. See Brown v. City of Trenton, 867 F.2d 318, 321-22 (6th Cir.1989).
 
 
 10
 Finally, the magistrate judge properly found that, as a matter of law, the hearing before the Board provided plaintiff adequate due process under the Fourteenth Amendment to the United States Constitution. "The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985). See also Duchesne v. Williams, 849 F.2d 1004 (6th Cir.1988) (en banc), cert. denied, 489 U.S. 1081 (1989). T.C.A. §§ 49-5-511 and 512 provide that the Board send written notice of charges against a teacher prior to a hearing, that the teacher may be represented by counsel, present evidence, and call witnesses on his behalf. Additionally, the notice sent to plaintiff provided that he could examine evidence presented against him and confront and cross-examine all adverse witnesses. Plaintiff makes no contention that these procedures, which more than meet Loudermill standards, were not followed.
 
 III.
 
 11
 For the reasons stated, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The City of Bristol, Tennessee, was dismissed as a party defendant by joint stipulation prior to oral argument in this case